Argued and submitted January 28, affirmed March 1, 2000

## STATE OF OREGON,
*Appellant,*

*v.*

## WILLARD MILTON CARSON,
*Respondent.*

(98C43700; CA A104984)

996 P2d 526

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Beth Corbo, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

PER CURIAM

## PER CURIAM

The state appeals from the trial court's suppression of statements that an alleged domestic abuse victim made to investigating officers who responded to a 9-1-1 call. The underlying legal principles are well-settled, *e.g., State v. Carlson*, 311 Or 201, 808 P2d 1002 (1991), and elaboration of the facts would benefit neither the bench nor bar. Consequently, we affirm, without further discussion, the trial court's determination that the alleged victim's statements to the investigating officers were not admissible under the "excited utterance" exception to the hearsay rule. OEC 803(2).[1]

Affirmed.

---

[1] Before oral argument, the state submitted a memorandum of additional authorities informing us of a recently enacted exception to the hearsay rule, OEC 803(26)(a), pertaining to the admissibility of hearsay statements by alleged victims of domestic violence. *See* Or Laws 1999, ch 945, § 1. That amendment applies to all "trials commenced on or after" the statute's effective date, October 23, 1999. *Id.* at § 2. Given the posture of this case and the nature of the inquiry required by the newly enacted OEC 803(26)(a), we do not address, much less decide, the applicability of that provision to the alleged victim's statements.